312-0376 Consolidated for Orals with 312-0477 The People of the State of Illinois, Appellee by Thomas Aredo v. Walter Brzowski, Appellant by Jeffrey Civella Mr. Civella, good afternoon. Good afternoon, Your Honor. May it please the Court. My name is Jeff Civella from the Office of the State Appellate Defender, and I represent the defendant in these matters, Walter Brzowski. Your Honor, the records here, which have been consolidated for argument, are really rife with constitutional error. They make plain enough that my client is a litigious individual, but they make equally clear that the Circuit Court was frustrated with him. Court's frustrations, however, don't excuse the wholesale denial of his rights to counsel, to fair trial and due process, to presented defense, and to confrontation. Several of the 14 presented issues are structural. Several others require outright reversal. I'd like to spend my time this afternoon on two of the outright reversal issues. Of course, I'm happy to answer questions about any of the presented issues here today. First, in an issue peculiar to 0376, which is the case concerning the State's allegations that my client contacted his children, it might be easier, I suppose, if I just refer to it as the kid's case. The State's failure to show that he actually contacted them in the way the State alleged by mail. And second, an issue that's presented in both cases, I suppose we can refer to 0477 as the Laura case. Outright reversal because the State failed to show my client had notice or knowledge of the specific provision it alleged he violated. First, in the kid's case, the State alleged Mr. Brzozowski contacted his kids by mail. The kids did not testify. Actually, Your Honors, the State objected to compelling them to testify or having them in court at all. Laura testified that she came home one day, found cards in the mail, recognized the handwriting as my client's handwriting. They were addressed to her kids. The kids weren't home. She brought them directly to the police. The police took them and kept them until trial. There's no indication in the record that the children received them or knew about them. Simple enough record, and there's simply no evidence that he made contact with them by mail, as the State alleged. Second, outright reversal is also required because the State failed to show Mr. Brzozowski had notice or knowledge of the specific provision of the order it alleged he violated, which was no contact by mail. The charges in the Laura case were similar in that it was contact by mail. However, the order the State alleged Mr. Brzozowski violated, the only proof of notice came by way of a short-form notice. It contained only four provisions. None of those provisions indicated contact by mail was prohibited. In fact, one of those four provisions indicated Mr. Brzozowski was allowed limited contact. The language of the short-form notice suggests that's in-person contact with his children. If anything, that notice was affirmatively misleading. As the State points out, the prior order, the Emergency Order of Protection, which was entered in April 2007, prohibited any kind of contact. But of course, that order is not at issue here. So, Your Honors, those are the two issues to argue today. Like I said, I'm happy to answer questions about any of the other ones. If not, I'll save the rest of my time for rebuttal. Thank you. Mr. Arado, good afternoon. Good afternoon. Good afternoon, Your Honors. Counsel, may it please the Court, Thomas Arado on behalf of the people. I've obviously prepared for 14 issues, so I will now try and pare down to the two issues that were argued in particular. As far as the first issue, I guess we will refer to as the kids' case, there is a people versus Reynolds. The Court made a comment. Unfortunately, there aren't any cases that are really explanatory about what is involved with an order of protection or what sort of contact is required. But it does make the note in that case that the mere sending of the note to the victim was sufficient to trigger a conviction for the violation of the order of protection. And our suggestion fully agrees regarding the perverse results that would take place if the requirement was that these two pieces of mail that were sent to the children's address and that was received at the children's address had to be taken by the mother, also a protected person, and actually delivered to the children in order for there to be a conviction. This would require that the mother partake in the defendant's scheme. Under Olson and the plain language of the statute, the Domestic Violence Act is to be literally construed so as to uphold its spirit and the letters as well as the letter of the law. Thus, we would say that it's almost like a mailbox. Once he's mailed that, it's considered delivered and sent to the children. As to the second notice regarding the order, there's a statutory short form that was delivered. Evidence was established of what was delivered. He had notice of the plenary order that was entered. He was given both the written notice and the oral notice that if he wanted the full order, he of course would have to go to Will County, but he's had the previous orders. He knows what the requirements are. To suggest that this one suddenly changed things is disingenuous, I would suggest. But as far as the other issues, I guess we will stand on a brief unless there's any other questions. I'd just like to make a few points in rebuttal. First is to the no contact issue in the kids case. Reynolds, which is the case counsel mentioned, shouldn't guide this court because the ex-wife in that case testified that her children, the complaining witnesses, did get the note and read it. So it's just factually, fundamentally different from the facts this court's presented with here in Brzozowski. Second argument, I understand to be sort of a policy argument, that affirming these convictions would frustrate the policy of the Domestic Violence Act. I submit that this court should just treat this for what it is, a sufficiency argument. It has to do with the sufficiency of the state's evidence to trial. There's no policy component to the court's analysis here. It's just a question of whether the state alleged contact, they were required to prove it, they didn't introduce evidence of it, and so there can be no conviction. Just to take a step back, it's a practical matter that the state brought these two cases basically at the same time, in the fall of 2010. And they should have known that they wouldn't be able to prove up contact in the kids case. And as a practical matter, they got a year in prison sentence in the kids case and three years in the Laura case. So this issue, which is peculiar to the kids case, I don't even know if it would frustrate the policy behind the act if we get that far. Last point I'd like to make, counsel, as to the notice arguments, counsel's probably right that there's enough noise in the record here to suggest that Brzozowski knew of an order of protection generally. He did get short-form notice. However, case law makes clear that the state has to prove notice of the specific provision it alleged he violated. Here the specific provision is contact by mail, and again there's just no evidence of that. So even though we'd like to acknowledge even that he had notice that there was probably an order of protection out there somewhere, the state did not prove beyond reasonable doubt that he had notice or knowledge of the specific provision. And therefore, the conviction in both cases should be reversed as well. There's four total. All of them should be reversed outright. Mr. Sveal, I have one question with regard to the kids case. Do you have any case law that stands for the proposition that there has to be actual receipt in order to constitute contact? Receipt? I'm sorry. Do the children actually have to get the cards in order for there to have been contact? I suppose Reynolds has authority for that. I mean, in Reynolds, like I said, the complainant said, the ex-wife in that case said, I got a note at the home and my kids saw it and read it, and the conviction in that case was affirmed. So, I guess, contra-wise, it's authority for the proposition that you can't obtain a conviction where there is no contact. I suppose a different way of, this might be a clearer way of answering your question. Let's say Mr. Brzozowski had mailed the cards in on April 14, 2007, two days after the emergency order was entered, which is 11 or 12 pages long of memory service. It's very detailed. It clearly defines stay away, prohibited contact, as to include indirect contact, which is by mail, e-mail, fax, and the like. There, he gets that emergency order. It says you can't contact your children through mail. The state alleges contact by mail. So, those are different facts. Maybe it's a hypothetical answer to your question. But there's no case that myself or counsel found that is sort of on fours with this. Okay, because one would think that if the order says no contact by mail, that would mean you, the person who's the subject of the order, can't initiate contact by mail. The order here, to be clear, Your Honors, is one paragraph, if it is an order. And the third issue, which we didn't argue today, I argue that it's not even a valid order. But it, by its terms, just extended an extension. It's State Exhibit 3, I think. And it just says the prior order is extended on its terms. It's not even a plenary order. A plenary order, by statute, has to contain the terms it defines. It's not an emergency order, either. It's just sort of a purported extension. So, even assuming that order is valid, there was no contact here. Indirect contact. Years ago, I did some of these cases in rural Kentucky. And indirect contact, sort of like the law school example, would be three people involved, say. And say I'm prohibited from contacting person two. And person one is not involved in any domestic stuff. And I give that person a note and say, give this note to person two. That's indirect contact. I think if I know that indirect contact is forbidden, and I've noticed that it's forbidden, I've been served with that notice, the State introduces proof that I've been served a notice, then the State can get a conviction. But where those things aren't present, just the Hinton and Mandick, and the cases that recite the elements of defense, what the State's required to prove to get a conviction, are enough to show that you can't get a conviction when there's no contact as alleged in the charging instrument. Who were the cards addressed to? A third party? The boys. So that it keeps your indirect contact? Well, that would be, the State argues in its brief that that would be attempt. But that's not a class four felony. Thank you. Thanks. We thank both of you for your arguments this afternoon. We will take matters under advisement and will issue a written decision as quickly as possible. The court will stand in brief recess for a panel. All rise.